UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>EDWARD ROBBINS,<br><br>　　　　　　　　　　　Defendant. | Case No.:  16cr1997 JM<br><br>**ORDER AFFIRMING DECISION TO REOPEN DETENTION HEARING** |

Defendant Edward Robbins asks the court to "reconsider the bond set by the Honorable Ruben B. Brooks and revoke his decision to reopen the detention hearing." (Doc. No. 31 at 1.)  For the following reasons, the court affirms Magistrate Judge Brooks's decision to reopen Defendant's detention hearing and remands this matter back to Judge Brooks to complete that reopened hearing.

## BACKGROUND

On August 26, 2016, Defendant had a detention hearing before Judge Brooks.  The Government asked for detention.  Defendant asked for a $10,000 personal appearance bond.  Judge Brooks set bond in the amount of a $40,000 cash or corporate surety bond, or a $40,000 personal appearance bond secured by a trust deed, exam of sureties, and Nebbia hearing.  (Doc. No. 16 at 23–24.)

Three days later, the Government filed a renewed motion for detention with Judge

1  Brooks, stating that it had cited the wrong provision of 18 U.S.C. § 3142 at the hearing.
2  (Doc. No. 4.)  The Government explained that if it had cited the correct provision,
3  detention would be justified.  Defendant opposed the Government's renewed motion for
4  detention, arguing that, pursuant to 18 U.S.C. § 3142(f), detention hearings may only be
5  reopened under certain circumstances—for example when new evidence or facts emerge
6  after the original hearing—and the Government's citation to the wrong statute was not
7  one of those circumstances.  (Doc. No. 17.)
8      On that same day, the Government filed a supplemental memorandum in support
9  of its renewed motion to detain, stating that it did indeed have new evidence to justify
10 reopening the hearing.  That evidence was the discovery that Defendant's prior
11 conviction for violating California Health & Safety Code section 11351 involved
12 codeine, a Schedule II controlled substance.  The discovery meant that, if prosecuted
13 under federal law, that violation would be subject to a maximum term of imprisonment of
14 not more than 20 years, which created "a rebuttable presumption" that "no condition or
15 combination of conditions would reasonably assure the safety of any other person and the
16 community" under 18 U.S.C. § 3142(e)(2)(A) and (e)(3)(A).  Thus, the Government
17 argued, that new information had a material bearing on whether detention was
18 appropriate.
19     At the September 13 hearing on the renewed motion for detention, the Government
20 acknowledged that its incorrect citation at the original detention hearing likely did not
21 justify reopening the hearing.  But the Government pointed to the newly discovered facts,
22 and based on those new facts, Judge Brooks reopened Defendant's detention hearing.
23 Judge Brooks did not actually conduct the newly reopened detention hearing, however.
24 Nor did he decide whether to treat Defendant's case "as a presumption case."  (Doc. No.
25 36 at 8–11.)  He simply left the detention hearing as "reopened" without more, and he
26 and the parties agreed that Defendant could take up any issues with this court.
27 ///
28 ///

# DISCUSSION

Defendant now asks this court to review Judge Brooks's decision to reopen the detention hearing, and at the same time, to set a new bond in the amount of $30,000.

## A. The Decision to Reopen

Defendant did not cite any case in which a district court reviewed a magistrate judge's decision to reopen a detention hearing. And after substantial research, the court could not locate one. Rather, the available cases involve one of two situations: (1) a judge (usually a magistrate judge) evaluating whether he should reopen a detention hearing that he himself previously conducted, or (2) a district judge reviewing a magistrate judge's ultimate release order or detention order—a process explicitly provided for under 18 U.S.C. § 3145. This case does not involve either of those situations. Here, Defendant asks the court to embark on a process that is not expressly provided for and that no other court appears to have undertaken: the review of a decision to reopen proceedings before those proceedings actually take place. The court is skeptical as to the propriety of that request.

The unusual nature of the request generates additional complications, as well. First, because there is no precedent for it, the standard of review is unclear. Second, it forces the court to review a partial record. Judge Brooks's decision was incomplete. He reopened the hearing, but did not discuss his reasons for doing so or take any further action. By contrast, if the court were reviewing Judge Brooks's decision on the merits of the reopened hearing, the standard of review would be clear, see United States v. Koenig, 912 F.2d 1190, 1193 (9th Cir. 1990), and the court could follow a standard procedure, see 18 U.S.C. § 3145, in assessing a concrete and final decision, as well as the basis upon which it was made.[1]

---

[1] While the court need not reach the issue, there is also an argument that Defendant's request, even if allowed, is untimely. As noted in United States v. Tooze, 236 F.R.D. 442, 444–46 (D. Ariz. 2006), while a district court certainly may review a magistrate judge's decision, Federal Rule of Criminal Procedure 59(a) provides parties fourteen days

Considering Defendant's request in light of these issues and uncertainties, the court will not disturb Judge Brooks's decision to reopen Defendant's detention hearing. Judge Brooks determined that the Government's new facts merited reopening, and the court does not see any reason to go out on a limb to overturn that decision. The plain language of 18 U.S.C. § 3142 states that a "hearing may be reopened . . . if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." Though the Government may have taken a circuitous route to its detention request, in the end it presented Judge Brooks with evidence that was unknown to it at the time of the hearing. And while Defendant states that the information "existed" before the detention hearing, (Doc. No. 36 at 4), the Government reasonably responds that it was not obligated to have completed its investigation by the time Defendant was arraigned, (id. at 6). Defendant points to no authority imposing on the Government an obligation to know of all evidence in existence at the time of the hearing, or even to exercise a particular level of diligence in pursuing that evidence. Without that authority, and given Judge Brooks's experience in handling these issues, the court sees fit to affirm his decision.

**B.     The Merits of the Reopened Hearing**

Having determined the Judge Brooks properly reopened Defendant's detention hearing, the court remands this matter to Judge Brooks so that he may complete that reopened hearing. Conducting these hearings is a duty of the magistrate judges in this district, and it is a process best left to their expertise whenever possible.

///

---

to object to a magistrate judge's decision, and after that, district court review is purely discretionary. Defendant's request came more than fourteen days after Judge Brooks reopened the detention hearing.

# CONCLUSION

Judge Brooks shall complete the detention hearing he reopened on September 13, 2016. Once completed, either party is of course free to follow the procedures set forth in 18 U.S.C. § 3145 in asking this court to review that order.

IT IS SO ORDERED.

DATED: November 21, 2016

JEFFREY T. MILLER
United States District Judge